

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-19-00158-CR

---

EX PARTE EVERETT MADURAI

---

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. F17-2519-431

---

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

Applicant Everett Madurai raises one point arguing that the trial court erred by denying his application for writ of habeas corpus for bail pending trial. The trial court revoked Applicant's original bond in his initial offense involving family violence and denied him a second bond after finding that Applicant had violated the conditions of his initial bond by using drugs and by committing a new family-violence offense against the same victim as the prior offense.

During the pendency of this appeal, Applicant was convicted. Because Applicant has been convicted, the appeal is now moot. *See Ex parte Tucker*, 3 S.W.3d 576, 576 (Tex. Crim. App. 1999) ("The appellant having been tried during the pendency of this appeal, the question of his pre-trial bond is moot."); *Armendarez v. State*, 798 S.W.2d 291, 291 (Tex. Crim. App. 1990) (holding that an issue regarding pretrial bail was moot because the appellant was legally confined pursuant to a conviction in the underlying case); *Ex parte Villareal*, No. 04-96-00588-CR, 1996 WL 729936, at *1 (Tex. App.—San Antonio Dec. 18, 1996, no pet.) (not designated for publication) (dismissing appeal as moot). Accordingly, we dismiss this appeal as moot.[1]

Dabney Bassel
Justice

---

[1]Based on our disposition of the appeal, we deny as moot the State's motion for extension of time to file a brief.

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 22, 2019